# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:18-CR-28 |
| v. | : (Chief Judge Conner) |
| **GREGORY A. JACKSON,** | : |
| Defendant | : |

## ORDER

AND NOW, this 30th day of October, 2018, upon consideration of the government's motion (Doc. 50) *in limine* seeking to preclude defendant Gregory Jackson ("Jackson") from presenting an entrapment defense, wherein the government argues that Jackson cannot meet his prerequisite burden of production to present an entrapment defense and receive an entrapment instruction, and the motion having been fully briefed, (Docs. 51, 55), and the court observing that entrapment occurs when (1) the government induces a defendant to commit a crime, and (2) the defendant was not otherwise predisposed to commit that crime, United States v. Dennis, 826 F.3d 683, 690 (3d Cir. 2016) (citation omitted); United States v. Wright, 921 F.2d 42, 44 (3d Cir. 1990), and the court further observing that a defendant seeking to raise an entrapment defense "has the burden of producing evidence of both inducement and non-predisposition to commit the crime," Wright, 921 F.2d at 44 (citing United States v. Fedroff, 874 F.2d 178, 182 (3d Cir. 1989)), and that when a defendant meets this burden of production, the government must then "prov[e] beyond a reasonable doubt that it did not entrap the defendant," id. (citation omitted), and it appearing that trial courts often defer ruling on whether a

defendant has met the burden of production required for an entrapment defense until after the presentation of all the evidence at trial, see, e.g., Dennis, 826 F.3d at 690; Wright, 921 F.2d at 44; cf. United States v. Senke, No. 3:16-CR-373, 2017 WL 4159795, at *1 (M.D. Pa. Sept. 19, 2017), and the court determining that the government's request is premature, as the court currently has an insufficient basis to assess whether Jackson has met his burden of production to entitle him to an entrapment defense,[1] and that determinations of this nature are best reserved for trial to allow the court to rule based on the panoply of evidence presented by both parties, and the court concluding that the best and most appropriate course is to deny the government's motion without prejudice to the government's right to reassert its objection at a more appropriate time, it is hereby ORDERED that:

1. The government's motion (Doc. 50) *in limine* is DENIED without prejudice to the government's right to reassert its objection to an entrapment defense instruction.

2. Jackson may not argue an entrapment defense to the jury unless and until the court determines he has met his burden of production entitling him to such a defense.

                                             /S/ CHRISTOPHER C. CONNER
                                             Christopher C. Conner, Chief Judge
                                             United States District Court
                                             Middle District of Pennsylvania

---

[1] Neither the government nor Jackson presents any evidentiary support for the factual assertions in their respective briefs. (See Docs. 51, 55).