**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:18-CR-28** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **GREGORY A. JACKSON,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 13th day of November, 2018, upon consideration of the motion (Doc. 69) *in limine* by defendant Gregory A. Jackson ("Jackson") seeking to preclude evidence of his past convictions and unlawful conduct, wherein Jackson argues: *first*, that any evidence or testimony as to his 1990 conviction for attempted burglary; 1991 conviction for manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance; his 1992 convictions for murder and robbery; his 2012 illegal re-entry into the United States; and his 2017 drug distribution activities is inadmissible character evidence under Federal Rule of Evidence 404,[1] (Doc. 70 at 1-4; <u>see</u> <u>also</u> Doc. 73 at 3-4); and *second*, that any evidence or testimony pertaining to Jackson's 1990 attempted burglary conviction, 1991 drug conviction, and 1992 murder and robbery convictions[2] should be excluded as impermissible impeachment evidence under Federal Rule of Evidence 609(b), and the motion having been fully briefed, (Docs. 70, 73, 81), and taking Jackson's

---

[1] The government does not intend to introduce evidence of Jackson's 1982 conviction for drug distribution. (Doc. 73 at 3 n.3).

[2] The government indicates that Jackson completed his 20-year sentence of imprisonment for the 1992 murder and robbery convictions in 2012. (Doc. 73 at 8, 13).

arguments in turn: *first*, the court observing that evidence of other crimes, wrongs, or acts is "not admissible to prove a person's character" to show that said person acted in conformity therewith on a particular occasion, FED. R. EVID. 404(b)(1), but that such evidence "may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," FED. R. EVID. 404(b)(2), and the court further observing that, to be admissible, any prior-act evidence must be "(1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested," United States v. Willis, 844 F.3d 155, 169 (3d Cir. 2016) (citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988)), *cert.* denied, 137 S. Ct. 2173 (2017), and it appearing that Jackson intends to present an entrapment defense, (see Doc. 55), and the court noting that entrapment occurs when (1) the government induces a defendant to commit a crime, and (2) the defendant was not otherwise predisposed to commit that crime, United States v. Dennis, 826 F.3d 683, 690 (3d Cir. 2016) (citation omitted); United States v. Wright, 921 F.2d 42, 44 (3d Cir. 1990), and that evidence of a defendant's character or reputation, including any criminal record, is relevant to the predisposition prong of an entrapment defense and may be properly admitted under Rule 404(b)(2) to establish predisposition,[3] United States v. Lakhani, 480 F.3d 171, 179 (3d Cir. 2007); Wright, 921 F.2d at 45; United States v. Ward, 793 F.2d 551, 555 (3d Cir. 1986), and, the court approaching

---

[3] Jackson's proffered jury instruction on an entrapment defense also supports this position. (See Doc. 67 at 11-13) (quoting THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS, INSTRUCTION NO. 8.05 (2015)).

Jackson's various criminal activities and conduct in groups, finding (1) as to Jackson's 1990 attempted burglary conviction, 1991 drug conviction, and 1992 murder and robbery convictions, that same are too far removed in time from the instant offense conduct to be probative of Jackson's predisposition to commit the charged drug offense in this matter,[4] but further that the fact that Jackson was on parole for his 1992 offenses from 2012 to the present, (see Doc. 73 at 7-8), is both relevant to and probative of his predisposition to commit the crime charged in this matter; (2) as to Jackson's purported wrongful conduct committed following his release from prison, that evidence of Jackson's 2012 unlawful re-entry is not sufficiently probative of his predisposition to engage in criminal drug activity so as to outweigh the risk of unfair prejudice that his immigration status will unfairly bias the jury against Jackson; and (3) as to his 2017 drug distribution activities, that same is highly probative of his predisposition to commit the instant drug offense charged in that such evidence may show "an existing course of criminal conduct similar to the crime for which the defendant is charged," Lakhani, 480 F.3d at 179, and that the probative value of this 2017 drug activity outweighs any risk of *unfair* prejudice to Jackson, see United States v. Bergrin, 682 F.3d 261, 279 (3d Cir. 2012); and the court concluding that, if Jackson successfully meets his burden of production entitling him to raise an entrapment defense,[5] the government may

---

[4] We also note the highly prejudicial nature of Jackson's 1992 murder conviction and its accompanying 20-year sentence. See FED. R. EVID. 403.

[5] The government represents that it does not intend to introduce evidence of Jackson's prior convictions in its case in chief; rather, the government posits that such evidence will only be introduced if Jackson pursues an entrapment

present evidence and testimony of Jackson's parole status from 2012 to the present and his 2017 drug activity; and *second*, as to Jackson's alternative request that the court exclude as impermissible impeachment evidence any information regarding his 1990, 1991, and 1992 convictions, and the court observing that evidence of a conviction for a crime punishable by more than one year imprisonment "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant," FED. R. EVID. 609(a)(1)(B), and that when 10 years have passed since the later date of either the witness's conviction or release from confinement, evidence of said conviction is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect," FED. R. EVID. 609(b)(1), and the court finding that Jackson's 1990 and 1991 convictions are subject to Rule 609(b), and that, as discussed *supra*, the probative value of these convictions does not substantially outweigh their prejudicial effect, and the court further finding that, although Jackson was released from incarceration in 2012 for his 1992 murder and robbery convictions, the probative value of said convictions nonetheless is significantly outweighed by the risk of unfair prejudice, see FED. R. EVID. 609(a)(1)(B), and the court concluding that the government may not introduce evidence or testimony of Jackson's 1990, 1991, and 1992 convictions for impeachment purposes in the matter *sub judice*, it is hereby ORDERED that:

---

defense or as impeachment evidence. (Doc. 73 at 3-4). The government also notes that it does not intend to introduce the facts underlying these past convictions. (Doc. 73 at 12 n.5).

1.	Jackson's motion (Doc. 69) *in limine* is GRANTED in part and DENIED in part as follows:

    a.	Assuming *arguendo* that Jackson properly presents an entrapment defense, the government may not introduce, to show Jackson's predisposition to commit the charged offense, the following: evidence or testimony of Jackson's 1982 conviction for drug distribution, 1990 conviction for attempted burglary; 1991 conviction for manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance; 1992 convictions for murder and robbery; or 2012 illegal re-entry into the United States.

    b.	If Jackson is permitted to present an entrapment defense, the government may introduce, to show Jackson's predisposition to commit the charged offense, evidence or testimony of Jackson's 2017 drug distribution activities and that Jackson was on parole for an unrelated offense at the time such conduct occurred.

    c.	Absent another basis for admissibility that may arise during trial, the government may not introduce, for impeachment purposes, evidence or testimony of Jackson's 1982 conviction for drug distribution; 1990 conviction for attempted burglary; 1991 conviction for manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance; and 1992 convictions for murder and robbery.

2.	Nothing in this order shall be construed as prohibiting the government from seeking to admit evidence of Jackson's criminal history for a permissible purpose under the Federal Rules of Evidence.

 

       /S/ CHRISTOPHER C. CONNER
       Christopher C. Conner, Chief Judge
       United States District Court
       Middle District of Pennsylvania